IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv538

| | |
|---|---|
| V-E2, LLC d/b/a Teletext Solutions;<br>V-E2, LLC d/b/a Call Revenue;<br>V-E2, LLC d/b/a Call Manager; and<br>V-E2, LLC d/b/a BDC Call Tracker,<br><br>        Plaintiffs,<br><br>Vs.<br><br>CALLBUTTON, LLC; and MICHAEL MARKETTE, Individually,<br><br>        Defendants.<br><br>CALLBUTTON, LLC,<br><br>        Third- Party Plaintiff,<br><br>Vs.<br><br>V-E2, LLC and DAVID LEVENTHAL,<br><br>        Third-Party Defendants. | ORDER |

**THIS MATTER** is before the court on defendant/third-party plaintiff Callbutton, LLC's and defendant Michael Markette's Motion for Summary Judgment (#20). Such motion is supported by a Brief in Support (#21). Having carefully considered the motion, the supporting brief, and the evidentiary materials submitted in support of such motion, the court enters the following findings, conclusions and Order.

### FINDINGS AND CONCLUSIONS

I.  **Roseboro Notification and Subsequent Failure to Respond**

Both the corporate third-party defendant as well as the individual third-party defendant are proceeding *pro se*. In accordance with Roseboro v. Garrison, 528 F.2d 309

(4th Cir. 1975), such parties were advised of their burden in responding to such motion and of the appropriate method for filing a response. In addition the court advised the pro se corporate entity that it could not represent itself in this matter, even though an officer or member of the corporate entity is also a party to the lawsuit. <u>McCants v. Village of Broadview</u>, 1994 WL 117478, 1-2 (N.D. Ill. 1994). Further, the court advised the corporate entity that any response would need to submitted by an attorney. The court allowed respondents until November 16, 2012, to so respond and no response was filed.

## II. Summary Judgment Standard

Although no response was filed, the court has carefully considered the merits of the Motion for Summary Judgment. Rule 56(a), Federal Rules of Civil Procedure, provides:

> A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed.R.Civ.P. 56(a). The rule goes on to provide procedures for plaintiff to use in responding to a Motion for Summary Judgment:

> **(c) Procedures.**
> **(1) Supporting Factual Positions.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> **(2) Objection That a Fact Is Not Supported by Admissible Evidence.** A party may object that the material cited to support

> or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> **(3) Materials Not Cited.** The court need consider only the cited materials, but it may consider other materials in the record.
>
> **(4) Affidavits or Declarations.** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed.R.Civ.P. 56(c).

On a motion for summary judgment, the moving party has the burden of production to show that there are no genuine issues for trial. Upon the moving party's meeting that burden, the non-moving party has the burden of persuasion to establish that there is a genuine issue for trial.

> When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the nonmoving [sic] party must come forward with "specific facts showing that there is a *genuine issue for trial*." Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial."

Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted; emphasis in the original) (quoting Fed. R. Civ. P. 56). There must be more than just a factual dispute; the fact in question must be material and readily identifiable by the substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

By reviewing substantive law, the court may determine what matters constitute material facts. Anderson, supra. "Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." Id. at 248. A dispute about a material fact is "genuine" only if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." Id. The court must credit

factual disputes in favor of the party resisting summary judgment and draw inferences favorable to that party if the inferences are reasonable, however improbable they may seem. Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir. 1980). Affidavits filed in support of a Motion for Summary Judgment are to be used to determine whether issues of fact exist, not to decide the issues themselves. United States ex rel. Jones v. Rundle, 453 F.2d 147 (3d Cir. 1971). When resolution of issues of fact depends upon a determination of credibility, summary judgment is improper. Davis v. Zahradnick, 600 F.2d 458 (4th Cir. 1979).

In determining whether a genuine issue of material fact exists, the admissible evidence of the non-moving party must be believed and all justifiable inferences must be drawn in his or her favor. Anderson, supra, at 255. In the end, the question posed by a summary judgment motion is whether the evidence "is so one-sided that one party must prevail as a matter of law." Id., at 252.

As respondents have failed to respond, the court has carefully considered whether the moving parties have met the burden of production to show that there are no genuine issues for trial on each claim or issue as to which they seek summary judgment.

## III. Discussion

### A. Introduction

Defendant/Third-Party Plaintiff Callbutton, LLC ("Callbutton") and Defendant Michael Markette seek summary judgment as to "all relief sought by Plaintiffs . . . [and] that Callbutton . . . have and recover the damages prayed for in its Counterclaims and Third-Party Complaint, jointly and severally, from V-E2, LLC and David Leventhal . . . ." Motion for Summary Judgment (#20), at 2. In the Brief in Support, Michael Markette also moves for

summary judgment based on a lack of personal jurisdiction.[1]

B. **Personal Jurisdiction Over Michael Markette**

As a contention that the court lacks personal jurisdiction may be made at any time, the court will consider such motion was made in conformity with Local Civil Rule 7.1. It is undisputed that Michael Markette is not a resident of North Carolina and that any actions or contacts he may have had with the State of North Carolina were in his capacity as managing partner of Callbutton.

The North Carolina Supreme Court held that "[b]y the enactment of [the North Carolina long arm statute, N.C. Gen.Stat. § 1-75.4(1)(d) ], it is apparent that the General Assembly intended to make available to the North Carolina courts the full jurisdictional powers permissible under federal due process." Dillon v. Numismatic Funding Corp., 291 N.C. 674, 676 (1977). The Supreme Court of the United States has held that due process allows a court to exercise personal jurisdiction over an individual if the individual has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " Int'l Shoe Co. v. State of Washington, Office of Unemployment Comp., 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)). Minimum contacts will not be found to exist unless "there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958).

While admitting that he is the managing member of Callbutton, Mr. Markette avers that he is a resident of the State of Washington and has had no contacts "[i]n my individual

---

[1] Local Civil Rule 7.1 requires that motions be set out in motions, not the supporting briefs.

-5-

capacity" with the States of North Carolina. See Markette Aff., ¶¶ 10-12. He does not, however, aver what contacts he has had in his "official capacity" with North Carolina in relation to the contract and Letter Agreement underlying this action. While in the usual action the court would expect an affidavit to include those "official" contacts, plaintiff's failure to satisfy its burden of supporting its assertion of jurisdiction over Mr. Markette negates any duty that he may have to aver what contacts he had with the forum state in any capacity, as his duty is only one of rebuttal.

Furthermore, personal jurisdiction over a limited liability company does not automatically extend to its members, as membership in an LLC is not sufficient in-and-of itself to confer personal jurisdiction over its members. Shaffer v. Heitner, 433 U.S. 186 (1977); Mountain Funding, LLC v. Blackwater Crossing, LLC, 2006 WL 1582403 at *2 (W.D.N.C. June 5, 2006). To hale a member of an LLC into a foreign court, the member sought to held answerable must have had minimum contacts with the forum state independent of those of the LLC. See Bishop & Kleinberger, *Limited Liability Companies: Tax and Business Law* § 6.08 (2006) (available at 1998 WL 1169401). "[I]n each case . . . there [must] be some act by which defendant purposely avails itself of the privileges of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Hansen v. Denkla, 357 U.S. at 253. It is plaintiffs' burden to show that Mr. Markette had minimum contacts with North Carolina independent of those of Callbutton. Id. Plaintiff has not made such a showing. Because plaintiff has not satisfied its burden, the court will dispense with the traditional five-step analysis under Western Steer-Mom & Pops v. FMT Invs., Inc., 578 F. Supp. 260, 264 (W.D.N.C. 1984) as their are no purported contacts to analyze.

Summary judgment will, therefore, be granted in favor of Mr. Markette on the issue

of personal jurisdiction, and this action will be dismissed as to Mr. Markette.

### C. Callbutton's Substantive Motion for Summary Judgment

#### 1. Motion for Summary Judgment on Callbutton's Second Counterclaim/ Cause of Action

Defendant Callbutton provided back-office-support services, host services, and call forwarding services for plaintiff. Complaint, ¶ 6. Plaintiff seeks money damages and replevin of certain customer records and numbers. In answering such contentions, Callbutton counterclaimed against plaintiff and submitted a third party complaint against plaintiff and David Leventhal. In its First Claim for Relief, Callbutton contends that plaintiff and third-party defendants breached the underlying agreement and letter agreement by (1) failing to pay amounts owed under the contract and letter agreement and (2) by attaching the agreement to a publicly filed Complaint.

During the course of the relationship under the agreement, Callbutton contends that plaintiff failed to meet its payment obligations to Callbutton. Counterclaim, ¶ 7. On July 1, 2009, VE-2 and David Leventhal, personally, acknowledged this debt and agreed to make payment as evidence in the letter agreement. Counterclaim, ¶ 8; Callbutton Aff. ¶ 6 (Exhibit B, annexed to the Brief in Support). In their Reply to the Counterclaim, plaintiff VE-2 and third-party defendant David Leventhal acknowledged entering in to the letter agreement, Reply, Docket # 5, ¶ 8, but alleged that the debt had been paid.

In moving for summary judgment, Callbutton has submitted an affidavit showing the existence of the debt and non-payment. Callbutton Aff. ¶ 4 (Exhibit B). Despite being afforded additional time to do so, neither plaintiff nor Mr. Leventhal have submitted any evidence by way of exhibit or affidavit supporting their contention that the debt has been paid.

Having considered the evidence now before the court and compared it with the allegations made in the counterclaims, and having construed all such evidence in a light most favorable to the party resisting summary judgment, it appears that:

(1)     a valid debt exists;

(2)     that plaintiff and third-party defendant attempted to pay such debt, but that the checks they sent were returned for insufficient funds; and

(3)     subsequent to such dishonor, neither plaintiff nor third-party defendant has paid off such debt or any portion thereof.

Callbutton Aff. ¶ 5. Callbutton has further shown that as of October 8, 2010 (which was six days before this action was filed in state court), plaintiff and third-party defendant were indebted to Callbutton in the amount of $26,397.72. Counterclaim, Ex. B; Callbutton Aff. ¶ 4. Thus, under its Second Claim for Relief, Callbutton is entitled to recover from the plaintiff and third-party defendants such amount plus interest thereupon accruing, as well as its costs, and that such parties, as supported by the letter agreement, are jointly and severally liable for such payment.

### 2.     Plaintiff's and Callbutton Remaining Claims

While Callbutton broadly sought summary judgment on all claims in its Motion for Summary Judgment, the Brief in Support only addressed summary judgment in the context of its Second Claim for Relief. Callbutton requested summary judgment "denying all relief sought by Plaintiffs," Motion for Summary Judgment (#20), at 2, but the half-page analysis provided in its Brief in Support only addresses why Callbutton is entitled to summary judgment on its Second Claim for Relief (Action on Account). See Brief in Support (#21), at 5. While Callbutton is clearly entitled to summary judgment on its Second Claim for Relief - - as it has shown non-payment of the indebtedness in the manner agreed to in the

letter agreement - - Callbutton has not addressed why it is entitled to summary judgment on its First Claim for Relief, in which it not only claims breach of the agreements through non-payment, but through publication of the agreement . While Callbutton could dismiss the remainder of its Counterclaims and Third-Party Complaint by filing a motion under Rule 41 or Rule 15, Callbutton has not satisfied its initial burden of showing that there are no genuine issues of fact that remain as to plaintiff's First Claim for Relief (Breach of Contract), Second Claim for Relief (Breach of Fiduciary Duty and Malfeasance), Third Claim for Relief (Conversion), Fourth Claim for Relief (Fraud), and Fifth Claim for Relief (Unfair and Deceptive Trade Practices).  While brevity is appreciated by this court, the analysis portion devoted to summary judgment on the substantive claims is less than a page long.  Thus, the remainder of the Motion for Summary Judgment will be denied as unsupported under Rule 56.

**ORDER**

    **IT IS, THEREFORE, ORDERED** that

(1) defendant/third-party plaintiff Michael Markette's Motion for Summary Judgment (#20) based on lack of personal jurisdiction is **GRANTED,** and Michael Markette is **DISMISSED** from this action;

(2) defendant/third-party plaintiff Callbutton, LLC's Motion for Summary Judgment (#20) is **GRANTED** on the Second Claim for Relief (Action on Account) contained in the Counterclaims and Third-Party Complaint.  At the conclusion of this action, a judgment shall be entered against third-party defendants providing that Callbutton have $26,397.72 plus lawful interest

thereupon accruing as well as its allowable costs;[2]

(3) defendant/third-party plaintiff Callbutton, LLC's Motion for Summary Judgment (#20) is otherwise **DENIED**.

As the dispositive motions deadline has passed, the Clerk of Court is instructed to place this matter on for trial during the February 2013 trial calendar for trial of the remaining claims.

Signed: December 8, 2012

Max O. Cogburn Jr.
United States District Judge

---

[2] Final judgment will not be entered at this time as claims remain which could, theoretically, offset such award. Fed.R.Civ.P. 54(b).