# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:10cv538

| | | |
|---|---|---|
| V-E2, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| CALLBUTTON, LLC; | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| And | ) | |
| | ) | |
| CALLBUTTON, LLC, | ) | |
| | ) | |
| Third- Party Plaintiff, | ) | |
| | ) | |
| Vs. | ) | |
| | ) | |
| V-E2, LLC; and DAVID LEVENTHAL, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |
| | ) | |
| _____ | ) | |

THIS MATTER is before the court on defendant/third-party plaintiff Callbutton, LLC's ("Callbutton's") oral Motion to Dismiss the *pro se* corporate plaintiff VE-2, LLC's ("VE-2's") remaining claims in their Complaint for want of prosecution and failure to appear and Callbutton's oral Motion to Dismiss Without Prejudice its remaining claims asserted againstVE-2 and pro se defendant David Leventhal ("Leventhal) asserted in its Counterclaims and Third-Party Complaint.

As reflected in the court's last two Orders, VE-2 was cautioned that as a corporate entity it could not represent itself in this matter without the assistance of an attorney, even though an officer or member of the corporate entity was also a party to the lawsuit. See McCants v. Village of Broadview, 1994 WL 117478, 1-2 (N.D. Ill. 1994). Despite such warnings, VE-2 neither responded in any manner to the Motion for Summary Judgment nor had counsel appear on its behalf.

Subsequent to resolution of the Motion for Summary Judgment, this matter was calendared for trial during the February 2013 term of court and a final pretrial conference was properly noticed by the Clerk. On January 23, 2013, the case was called for pretrial conference in accordance with such notice. After the passage of 15 minutes beyond the scheduled time for hearing, neither VE-2 nor Leventhal appeared personally or through counsel. Counsel for defendant then advised the court that since opposing counsel had been allowed to withdraw August 1, 2012, he had heard nothing from any of the *pro se* litigants.

Review of the court's docket reveals that both VE-2 and Leventhal share the same mailing address; that the Clerk of Court has consistently sent notices and other official court correspondence to such address; that no items have been returned as incorrectly addressed or undeliverable; that VE-2 has been advised of the consequences of failure to retain counsel; and that Leventhal has been advised previously in accordance with Roseboro. Based on a review of the docket and despite explicit warnings from the court, it appears that VE-2 and Leventhal have failed to appear or participate in this litigation in

any manner since August 1, 2012, and that VE-2 has failed to retain counsel. It appearing that such parties have abandoned this litigation and that the proceedings they initiated can go no further, their claims will be dismissed with prejudice in accordance with Rule 42, Fed.R.Civ.P.

Finally, the court will allow Callbutton's Motion to Voluntarily Dismiss its remaining counterclaims without prejudice in accordance with Rule 41(a)(1)(B), as dismissal of those claims without prejudice is just and proper inasmuch as Callbutton is not in any way responsible for abandonment of this litigation. While its remaining claims will be dismissed without prejudice, judgment will be entered in favor of Callbutton based on the earlier Order allowing Callbutton's Motion for Summary Judgment on its Second Counterclaim. Specifically, and as more thoroughly discussed in the previous Order (#23), Callbutton has shown that as of October 8, 2010 (which was six days before this action was filed in state court), VE-2 and Leventhal were jointly and severally indebted to Callbutton in the amount of $26,397.72. Counterclaim, Ex. B; Callbutton Aff. ¶ 4. Under its Second Claim for Relief, Callbutton is entitled to recover such amount plus interest thereupon accruing, as well as its costs, and that such parties are jointly and severally liable for such payment as evidenced by their letter agreement.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1)     plaintiff's Complaint is **DISMISSED** with prejudice;

(2)     the Clerk shall enter **JUDGMENT** in favor of third-party plaintiff **CALLBUTTON, LLC**, and against third-party defendants **V-E2, LLC, and DAVID LEVENTHAL,** on the Second Claim for Relief in the Counterclaim, providing that **CALLBUTTON, LLC,** have and take of **V-E2, LLC, and DAVID LEVENTHAL** the amount of $26,397.72, plus interest thereupon accruing, as well as its costs, for all of which **V-E2, LLC and DAVID LEVENTHAL** are jointly and severally liable; and

(3)     third-party plaintiff's Motion to Voluntarily Dismiss Without Prejudice the remaining claims in its Counterclaims and Third-Party Complaint is **ALLOWED**, and all such remaining claims are dismissed without prejudice.

This action is terminated.

Signed: January 24, 2013

Max O. Cogburn Jr.
United States District Judge